<hr/>

(42 South. 258.)

No. 16,113.

TOBIN et al. v. O'KELLY.

SAME v. STEMPEL.

(Oct. 29, 1906. Rehearing Denied Nov. 26, 1906.)

1. AUCTIONS—LIABILITIES OF PURCHASERS.

An adjudicatee at public auction, who has been condemned to comply with the terms of the adjudication, must pay interest on the credit portion of the price represented by notes.

2. SAME—INTEREST.

The right to suspend payment of the price does not necessarily imply a forfeiture of any part of the debt or its accessories. The purchaser must either deposit the amount of his purchase or pay interest thereon. Morris v. Cain, 1 South. 797, 2 South. 418, 39 La. Ann. 740.

3. SAME.

The dictum of Duruty's Case, 7 South. 555, 42 La. Ann. 362 and of Tobin's Case, 39 South. 33, 115 La. 366, applies only to the cash portion of the price, and to cases where judicial action is required to remove presumptive defects in the title tendered.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Actions by Fanny McCan Tobin and others against John G. O'Kelly, and by the same plaintiffs against Mrs. M. G. T. Stempel, guardian. Judgments for plaintiffs, and defendants appeal. Affirmed.

Henry Garland Dupré, Burt Webb Henry, Scott Eugéne Beer, and Bernard Titche, for appellants. Harry Hinckley Hall, for appellees.

LAND, J. Plaintiffs instituted suits against a number of adjudicatees of real estate sold at public auction to compel them to accept title and comply with the terms of the adjudication.

Judgments were rendered in favor of plaintiffs, and the defendants have appealed.

The only alleged error discussed in brief and argument of appellants' counsel is that interest was allowed on the credit portion of the price from the date of the adjudication. Appellants' counsel contend that interest on the notes should run only from the date of judgment ordering the defendants to comply with the terms of the adjudications. Contra, counsel for appellees cite Tobin et al. v. U. S. Safe Deposit & Savings Bank, 115 La. 366, 39 South. 33, a suit brought by the same plaintiffs against another adjudicatee and involving the same issues. In that case the judgment of the district court ordered the defendant to comply with the terms of the adjudication by paying the cash portion of the price and executing notes bearing interest from the date of adjudication. On the appeal plaintiffs and appellees prayed for an amendment of the judgment so as to allow 6 per cent. interest on the cash portion of the price from the date of the adjudication. On the hearing of the cause, this court held that the plaintiffs were entitled to only legal interest, citing Duruty v. Mussacchia, 42 La. Ann. 362, 7 South. 555. Through inadvertence this rate of interest was allowed from the date of the adjudication. On application for a rehearing, this error was corrected by allowing such interest from the date of judgment in the district court as was done in

the Duruty Case, supra. In neither case was the question of interest on the notes discussed in the opinion of the court. In the Tobin Case this question was not referred to in the briefs of counsel on either side, and was raised by the appellants for the first time in their application for a rehearing.

In the Duruty Case, the court said:

"Defendant was not in default for nonpayment of the cash portion of the price until the date of the judgment, and therefore owes interest from that date only."

The Tobin Case approved this dictum, and in both cases the judgment condemned the defendants to pay the stipulated interest on the credit portion of the price from the date of the adjudication. These two cases simply hold that, where there is a prima facie defect in the title tendered and judicial action is necessary to clear the title, the adjudicatee is not in default for nonpayment of the cash portion of the price until the date of the judgment affirming the title. The court saw no inconsistency at the same time in compelling the adjudicatee to pay interest on the credit portion of the price as per terms of the adjudication.

Article 2553 of the Civil Code reads as follows:

"The buyer owes interest on the price of the sale, until the payment of the capital, in the three following cases:
"(1) If it has been so agreed at the time of the sale.
"(2) If the thing sold produces fruits, or any other income.
"(3) From the date of sale when the price is then due."

Where the purchaser is threatened with eviction, he may suspend the payment of the price until the seller has restored him to possession or caused the disturbance to cease, unless the seller prefer to give security, and he may also require the deposit of the price to relieve himself from the payment of interest. Civ. Code, arts. 2556, 2558, 2559. This question of interest was well considered

in Morris v. Cain, 39 La. Ann. 712, 1 South. 797, 2 South. 418, and the conclusion was reached that, although in cases of threatened eviction a purchaser may suspend the payment of the price, he can only relieve himself of the payment of interest by depositing the price, as provided by Civ. Code, art. 2559.

In the case at bar title with possession was tendered to the adjudicatees. They refused to accept title and take possession on grounds which this court has held were untenable. It is now admitted that the title was good. As to the alleged judgment lien, it is admitted that it had no existence beyond a comparatively small balance, which was subsequently remitted by the government. The adjudicatees' right to suspend payment until security was given was not exercised, and this right did not relieve them of the obligation to pay interest. Morris v. Cain, 39 La. Ann. 740, 1 South. 797, 2 South. 418.

It is therefore ordered that the judgment appealed from be affirmed, and that the costs of this appeal be paid by the defendants and appellants.